MARSHAL *et al vs.* LIVINGSTON.

MOTION TO ENTER JUDGMENT, ETC., FROM MACON. Trover. Bonds. Principal and Surety. *Practice in Superior Court. Judgment. Practice in Supreme Court. Estoppel. (Before Judge Fort.)

Hall, J.—1. Where an action of trover was brought, and bail process was sued out, and upon the failure of the defendant to give the bond required, the plaintiff gave bond and security, and the property was delivered to him, if he voluntarily dismissed his action of trover, this amounted in law to a judgment of restitution, and *ipso facto* upon such dismissal, entitled the defendant to a writ of restitution, or, where it was impossible to restore the subject of the action in kind, to a writ of *fieri facias* to the value thereof. Where the plaintiff gives bond and takes the property, this carries with it the liabilities and remedies to which the defendant would have been subjected in case he was cast in the suit, or set up no defense or abandoned it when made. Cro Jac, 246; Bac. Abr., Tit. "Execution" (Q) and cit.; 13 S. & R., 294; 25 Ga., 359; Glover *et al vs.* Gore *et al*, (Feb. term, 1885); Code, §§ 3028, 3563, 3564, 3129, 3419.

2. Where the plaintiff fails in his suit, or voluntarily dismisses it, the other party is not driven to his action on the bond, but may have a writ of restitution for the property and its hire, or a *fieri facias*, if he so elects, for its value. If he elects to take the money, the sworn

value placed upon the property would seem to afford the correct measure of damages, especially where all of the property was seized and turned over by the plaintiff.

(a) In this instance, most, but not all, of the property seems to have been seized and turned over by the sheriff to the plaintiff, and what was thus taken was valued according to the standard laid down in the affidavit for bail. The amount for which this proceeding was awarded must be so reduced as to conform to that specified in the bond, with interest thereon from the time it went into the plaintiff's possession, and when thus reduced, the execution is to proceed.

3. The plaintiff and his surety being bound for the "eventual condemnation money," the other party had the option to go either upon the property replevied or upon any other property of the recognizers ; and having chosen the latter, the plaintiff could not change this choice, and relieve himself of the form of liability thereby imposed either by a return or an offer to return the property.

(a) As the articles sued for in this case were perishable in their nature, and such as were liable to be consumed in their use, it is apparent that this offer to return could not have been complied with.

4. Where the papers in this case had been before the court during the progress of the trial, and the judge had them accurately in his mind when he rendered his final decision, the fact that the plaintiff's counsel absented himself, without leave, and had the papers in his possession when the case was finally passed upon by the court, will not avail to disturb the decision.

(a) There was no merit in the complaint that the court allowed the sheriff to prove, in the absence of plaintiff and his counsel, that the recognizance was executed before the plaintiff dismissed his suit. The plaintiff could not have made an issue upon such statements, after having received possession of the property on the faith of such recognizance.

5. When the court signed and certified a bill of exceptions, he exhausted all the power he had over the questions made in the case, and if he went further and signed two other bills of exceptions in the same case, they will be dismissed.

(a) The court could not set aside the judgment to which the plaintiff had submitted by his voluntary action without some grave cause, such as fraud, mistake or conduct of the opposite party by which the plaintiff was misled, and not then, unless he showed satisfactorily that tne action was taken without any mixture of fraud or negligence on his own part.

(b) The plaintiff had a right to dismiss his suit either in term

time or in vacation, and the omission to place this on the minutes of the court by the misprision or oversight of the clerk might be supplied at any subsequent term by a *nunc pro tunc* order.

Judgment affirmed with modification in first case; other two writs of error dismissed.

W. S. Wallace & Son, for plaintiffs in error.

B. B. Hinton; A. A. Carson; W. A. Hawkins, for defendant.